The CENTER FOR AUTO
SAFETY, Appellant,

v.

Samuel SKINNER, Secretary, U.S. Department of Transportation, et al.

No. 90–5240.

United States Court of Appeals,
District of Columbia Circuit.

June 25, 1991.

Jay B. Stephens, U.S. Atty., R. Craig Lawrence, Nathan Dodell, and John D.

Bates, Asst. U.S. Attys., were on the motion for summary affirmance, Washington, D.C., for appellees.

Henry M. Jasny, Washington, D.C., was on the opposition to the motion for summary affirmance, for appellant.

Before WALD, SILBERMAN and WILLIAMS, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

The Center for Auto Safety ("the Center") appeals from an order of the district court dismissing the Center's complaint for lack of subject matter jurisdiction. The Center sought to challenge a regulation issued by the Federal Highway Administration, a part of the Department of Transportation ("DOT"), pursuant to authority transferred from the Interstate Commerce Commission ("ICC") to DOT under the Department of Transportation Act. Because the district court correctly concluded that the courts of appeals have exclusive jurisdiction to review such regulations, we grant the government's motion for summary affirmance.[1]

The Department of Transportation Act provides that DOT actions taken pursuant to authority transferred from another department or agency "shall be subject to judicial review to the same extent and in the same manner as if such … actions had been by the department or agency exercising such functions, powers, and duties immediately preceding their transfer." 49 U.S.C.App. § 1653(c). When Congress transferred authority over motor carrier safety from the ICC to DOT in 1966, ICC actions were reviewed by three-judge district courts. See 28 U.S.C. § 2325 (1970), repealed by Pub.L. No. 93–584, § 7, 88 Stat. 1918 (1975). In 1975, Congress amended the Hobbs Act to eliminate the three-judge panels and provide for exclu-

---

1. Because the Center's complaint was filed in the district court after the 60–day period for review in the court of appeals had ended, see 28 U.S.C. § 2344 (requiring that petition for review of ICC order be filed within 60 days after entry of final order); 49 U.S.C.App. § 1653(c) (providing that DOT actions taken pursuant to authority transferred from ICC shall be reviewed in same manner), the transfer provisions of 28 U.S.C. § 1631 are not applicable.

**1316**

sive review of ICC actions in the courts of appeals. *See* 28 U.S.C. § 2342(5). Because the Center challenges a regulation issued pursuant to authority transferred from the ICC and ICC regulations are now subject to review in the courts of appeals, the plain language of § 1653(c) compels the conclusion that the challenged regulation is subject to review in the courts of appeals. *See Owner–Operators Indep. Drivers Ass'n v. Skinner*, 931 F.2d 582, 586 (9th Cir.1991); *Cousins v. Secretary of U.S. Dep't of Transp.*, 880 F.2d 603, 611 (1st Cir.1989) (*en banc*).

The Center argues that jurisdiction remains in the district courts because the 1975 amendments to the Hobbs Act did not expressly state that DOT regulations would now be reviewed in the courts of appeals. An express grant of jurisdiction would have been redundant, however, because "Congress must be presumed to have known of its former legislation ... and to have passed the new laws in view of the provisions of the legislation already enacted. These statutes must be construed together and effect given to all of them." *St. Louis, Iron Mountain & S. Ry. Co. v. United States*, 251 U.S. 198, 207, 40 S.Ct. 120, 122, 64 L.Ed. 225 (1920). Construed together, § 1653(c) and the 1975 amendments to the Hobbs Act provide that DOT regulations issued pursuant to authority transferred from the ICC shall be reviewed in the same manner as ICC actions, which are reviewed in the courts of appeals. Accordingly, the district court's order is

*Affirmed.*